

DEVADA BURNS
Register No. 06321-090
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000
Plaintiff, pro se

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVADA BURNS, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and SOUTHWEST CREDIT SYSTEMS, LP, <br><br> Defendants. | Case No. CV17-01508-RGK(RAO) <br><br> COMPLAINT <br><br> [Jury Trial Demanded] |

NOW COMES Plaintiff, Devada Burns, pro se, and for his

Complaint against Defendants, Experian Information Solutions,

Inc., Equifax Information Services, LLC, and Southwest Credit

Systems, LP, states and alleges the following:

### NATURE OF THE CASE

1.    This is a lawsuit seeking redress for violations of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.,

and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, et seq.

### JURISDICTION AND VENUE

2.    The Court has jurisdiction over the parties to this

action and the subject matter thereof pursuant to 15 U.S.C. §

1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.    Plaintiff, Devada Burns ("Burns"), is a natural person and citizen of Otisville, New York.

5.    Defendant, Experian Information Solutions, Inc. ("Experian"), is an Ohio corporation that conducts business throughout the United States and maintains its headquarters in Costa Mesa, California.

6.    Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that conducts business throughout the United States and maintains its headquarters in Atlanta, Georgia.

7.    Defendant, Southwest Credit Systems, LP ("Southwest"), is a Texas limited partnership that conducts business throughout the United States and maintains its headquarters in Carrollton, Texas.

## FACTS

8.    Burns is a "consumer" as defined in the FCRA and the FDCPA.

9.    Experian is a "consumer reporting agency" as defined in the FCRA.

10.    Equifax is a "consumer reporting agency" as defined in the FCRA.

11.    Southwest is a "debt collector" as defined in the FDCPA. In addition, Southwest furnishes information to credit reporting agencies and is subject to the FCRA.

12.    On or about December 19, 2016, Experian provided Burns

with a copy of his Experian credit report ("Experian report") pursuant to his request.

13. On or about December 23, 2016, Equifax provided Burns with a copy of his Equifax credit report ("Equifax report") pursuant to his request.

14. The Experian report contains a collection account reported by Southwest ("the account") for a debt purportedly incurred with AT&T in 2016.

15. The Equifax report contains a collection account reported by Southwest ("the account") for a debt purportedly incurred with AT&T in 2016.

16. Burns notified Experian that he disputed the account on the basis that he has been incarcerated for several years, did not open the account, and it was likely opened through the unauthorized use of his identity.

17. Burns notified Equifax that he disputed the account on the basis that he has been incarcerated for several years, did not open the account, and it was likely opened through the unauthorized use of his identity.

18. Experian notified Southwest of Burns' dispute; however, it did not conduct any independent reinvestigation of same.

19. Equifax notified Southwest of Burns' dispute, however, it did not conduct any independent reinvestigation of same.

20. Southwest received notice of Burns' disputes submitted through Experian and Equifax; however, it did not investigate Burns' contention that the account was opened while he has been incarcerated through the unauthorized use of his identity.

-3-

21. Southwest notified Experian that it verified the account belongs to Burns.

22. Experian notified Burns that it verified the account belongs to him.

23. Southwest notified Equifax that it verified the account belongs to Burns.

24. Equifax notified Burns that it verified the account belongs to him.

25. Southwest, in fact, never verified that the account belongs to Burns.

26. Experian, in fact, never verified that the account belongs to Burns.

27. Equifax, in fact, never verified that the account belongs to Burns.

28. Southwest continues to report the account as delinquent for inclusion in Burns' Experian and Equifax credit files.

29. Experian continues to maintain the account information in Burns' credit file.

30. Equifax continues to maintain the account information in Burns' credit file.

## COUNT I (FCRA) - EXPERIAN

31. Burns realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Experian has a duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable reinvestigation when a consumer disputes the accuracy of an item appearing in their credit report.

33. Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing

to conduct a reasonable reinvestigation of Burns' dispute concerning the Southwest account appearing in his credit report.

34. Experian's conduct was willful, in that it was part of a policy, practice, or custom, where Experian conducts no independent reinvestigation of consumer disputes, instead simply transmitting disputes to the creditors involved and then informing the consumer of the creditor's response.

35. As a direct and proximate result of Experian's unlawful conduct, Burns suffered damages, including, but not limited to, damage to credit reputation, lowered credit score, loss of credit opportunity, and emotional distress.

WHEREFORE, Burns respectfully moves for Judgment in his favor against Experian and the following:

a. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) and/or 15 U.S.C. § 1681o (a)(1);

b. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

c. Recovery of costs and attorney's fees incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

d. Any further relief deemed just and proper by the Court.

## COUNT II (FCRA) – EQUIFAX

36. Burns realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

37. Equifax has a duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable reinvestigation when a consumer disputes the accuracy of an item appearing in their credit report.

38. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation of Burns' dispute concerning the Southwest account appearing in his credit report.

39. Equifax's conduct was willful, in that it was part of a policy, practice, and custom, where Equifax conducts no independent reinvestigation of consumer disputes, instead simply transmitting disputes to the creditors involved and then informing the consumer of the creditor's response.

40. As a direct and proximate result of Equifax's unlawful conduct, Burns suffered damages, including, but not limited to, damage to credit reputation, lowered credit score, loss of credit opportunity, and emotional distress.

WHEREFORE, Burns respectfully moves for Judgment in his favor against Equifax and the following:

a. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) and/or 15 U.S.C. § 1681o (a)(1);

b. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

c. Recovery of costs and attorney's fees incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

d. Any further relief deemed just and proper by the Court.

### COUNT III (FCRA) – SOUTHWEST

41. Burns realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

42. As a furnisher of information to consumer reporting agencies, Southwest has a duty under 15 U.S.C. § 1681s-2(b) to

conduct a reasonable investigation when notified by a consumer reporting agency that a consumer disputes the accuracy of information it has reported for inclusion in the consumer's credit report.

43.   Southwest violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Burns' dispute of the accuracy of information reported to Experian and Equifax for inclusion in his credit reports, after having been notified of the dispute by each company.

44.   Southwest's conduct was willful, in that it was part of a policy, practice, or custom, where it conducts no meaningful investigation of disputes involving the unauthorized use of a consumer's identity.

45.   As a direct and proximate result of Southwest's unlawful conduct, Burns suffered damages, including, but not limited to, damage to credit reputation, lowered credit score, loss of credit opportunity, and emotional distress.

WHEREFORE, Burns respectfully moves for Judgment in his favor against Southwest and the following:

a.   Actual damages in an amount determined at trial pur pursuant to 15 U.S.C. § 1681(a)(1)(A) and/or 15 U.S.C. § 1681o (a)(1);

b.   Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Recovery of costs and attorney's fees incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/ or 15 U.S.C. § 1681o(a)(2); and

d.    Any further relief deemed just and proper by the Court.

## COUNT IV (FDCPA) - SOUTHWEST

46.    Burns realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

47.    Southwest has a duty under 15 U.S.C. § 1692e(8) to refrain from communicating or threatening to communicate to any person credit information which is known or should be known to be false.

48.    Southwest violated 15 U.S.C. § 1692e(8) by communicating to Experian and Equifax that the account it reported for inclusion in Burns' credit report with each company was verified as belonging to him when, in fact, Southwest knows or should know that to be false.

49.    As a direct and proximate result of Southwest's unlawful conduct, Burns suffered damages, including, but not limited to, damage to credit reputation, lowered credit score, loss of credit opportunity, and emotional distress.

WHEREFORE, Burns respectfully moves for Judgment in his favor against Southwest and the following:

a.    Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

b.    Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Recovery of costs and attorney's fees incurred pursuant to 15 U.S.C. § 1692k(a)(3); and

d.    Any further relief deemed just and proper by the Court.

Respectfully submitted,

DATED: February 14, 2017

DEVADA BURNS
Plaintiff, pro se

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Devada Burns

**DEFENDANTS** Experian Information Solutions, Inc., Equifax Information Services, LLC, and Southwest Credit Systems, LP

**(b)** County of Residence of First Listed Plaintiff  **Orange (NY)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681 and 15 U.S.C. § 1692

Brief description of cause:
Fair Credit Reporting Act and Fair Debt Collections Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  02/14/17

SIGNATURE OF ATTORNEY OF RECORD  *Devada Burns*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CV17-01508



RECEIVED
CLERK, U.S. DISTRICT COURT

FEB 21 2017

CENTRAL DISTRICT OF CALIFORNIA
BY.                    DEPUTY

↪06321-090↩
Office Of The Clerk
U.S. District Court
312 N Spring ST
Room G-8
LOS Angeles, CA 90012-4701
United States

Devada Burns
Register No. 06321-090
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000

FEDERAL CORRECTIONAL INSTITUTION
OTISVILLE, NY 10963
DATE:

The enclosed letter was processed through special mailing procedures for forwarding
to you. The letter has neither been opened nor inspected. If the writer raises a question
of problem over which this facility has jurisdiction, you may wish to return the material
for further information or clarification. If the writer enclosed correspondence for
forwarding to another addressee, please return the enclosure to the address above.