THOMAS P. QUINN, JR. (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax:  (949) 376-3070
Email:  tquinn@nokesquinn.com
Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVADA BURNS,<br><br>                    Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>                    Defendants. | Case No: 2:17-cv-01508-RGK-RAO<br><br>**JOINT REPORT OF THE RULE 26(f) MEETING** |

In accordance with Federal Rule of Civil Procedure 26(f), Plaintiff, Devada Burns ("Plaintiff") and counsel for Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Southwest Credit Systems, LP ("Southwest") have conferred and submit the following report of their meeting for the Court's consideration:

**1.   Basis for the Court's Subject Matter Jurisdiction; Personal Jurisdiction and Venue; Parties to be Served**

      A. **Basis for the Court's Subject Matter Jurisdicition**: Federal question pursuant to 28 U.S.C. §1331 and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

- 1 –
JOINT REPORT OF THE RULE 26(f) MEETING

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

B. **Issues Regarding Personal Jurisdiction or Venue**: none known at this time.

C. **Parties to be Served**: All parties have been served.

2. **Chronology of Facts**

Equifax:

Equifax asserts that it maintains reasonable policies and procedures to assure the maximum possible accuracy of the consumer reports it issues to third parties. Equifax likewise asserts that it conducted a reasonable reinvestigation of Plaintiff's dispute. In connection with a fraud referral that Equifax received from Experian, Equifax prepared and sent an ACDV to Southwest who confirmed Plaintiff's personal identifying information. Plaintiff never submitted a direct dispute to Equifax.

Experian:

Plaintiff and Experian have reach an agreement on all material terms required to settle all of Plaintiff's claims against Experian pending in this action.

Defendant Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy

2
JOINT REPORT OF THE RULE 26(f) MEETING

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

Southwest:

Southwest denies that it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., or any other laws. Defendant maintained reasonable procedures to comply with the FDCPA and FCRA at all times. Additional affirmative defenses are contained in Southwest's Answer to Plaintiff's Complaint.

### 3. Disputed Points of Law

Equifax:

The primary legal issues include whether there was any violation of the FCRA with respect to Equifax as alleged by Plaintiff, which Equifax denies, whether Plaintiff suffered any damage as a result of any alleged violation of the FCRA, whether Equifax proximately caused Plaintiff's alleged damages, whether Plaintiff is entitled to recover any actual damages pursuant to 15 U.S.C. § 1681o, and whether Plaintiff is entitled to recover any statutory and/or punitive damages pursuant to 15 U.S.C. § 1681n.

Experian:

Plaintiff and Experian have reach an agreement on all material terms required to settle all of Plaintiff's claims against Experian pending in this action.

The primary legal issues with respect to Experian are whether, with respect to Plaintiff, it employed reasonable procedures, which it maintains it did and thus, Plaintiff's damages, if any, cannot be contributed to Experian.

Southwest:

The primary legal issues include whether there was any violation of the FCRA and FDCPA with respect to Southwest as alleged by Plaintiff, which

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

Southwest denies; whether Plaintiff suffered any damages as a result of any alleged violations; whether Southwest proximately caused Plaintiff's alleged damages; whether Plaintiff is entitled to recover any actual damages for violations of the FCRA pursuant to 15 U.S.C. § 1681(a)(1)(A); 1681o(a)(1); whether Plaintiff is entitled to recover any statutory and/or punitive damages for violations of the FCRA pursuant to 15 U.S.C. § 1681n; whether Plaintiff is entitled to recover attorneys' fees for violations of the FCRA pursuant to 15 U.S.C. §1681n and/or 1681o; whether Plaintiff is entitled to recover any actual damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1); whether Plaintiff is entitled to recover any statutory and attorneys' fees for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 1692k(a)(3).

**4.     Prior/Pending Motions and Anticipated Motions**

The parties do not have any prior or pending motions. If the case does not settle, Defendants anticipate filing motions for summary judgment.

**5.     Addition or Dismissal of Parties, Claims, and/or Defenses and Deadline to Amend the Pleadings**

The parties do not anticipate the addition of any other parties. The parties propose August 14, 2017 as the deadline to amend pleadings.

**6.     Initial Disclosures**

The parties will serve initial disclosures 14 days after the Court's ruling on its Order to Show Cause regarding a potential stay in the proceedings. (Doc. 17).

**7.     Discovery**

The parties have not yet begun discovery. Plaintiff has requested that the parties have at least 120 days to complete discovery.

The parties anticipate taking discovery on the allegations in Plaintiff's amended complaint as well as the issues raised by the answers and defenses filed by Defendants.

- 4 –
JOINT REPORT OF THE RULE 26(f) MEETING

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

The parties propose a limit of 35 Requests for Production of Documents and Requests for Admissions.

The parties propose the following discovery dates:

A. Plaintiff's expert disclosure due: January 26, 2018

B. Defendant's expert disclosure due: February 26, 2018

C. Fact and expert discovery cutoff: March 26, 2018

**8. Related Cases**

The parties are not aware of any related cases or proceedings.

**9. Relief Sought and Calculation of Damages**

[for Plaintiff to insert]

**10. Certification of Interested Parties or Persons and Restatement of Certification**

Equifax

Equifax is a wholly-owned subsidiary of Equifax Inc., which is a publicly traded company.

Experian

1. Parent Companies: The ultimate parent company of Experian is Experian plc.

2. Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

    (a) Central Source LLC

    (b) Online Data Exchange LLC

    (c) New Management Services LLC

    (d) VantageScore Solutions LLC

    (e) Opt-Out Services LLC

3. Publicly Held Companies: Experian plc owns 100 percent of Experian. Experian plc is registered as a public company in Jersey, Channel Islands, and is publicly traded on the London Stock Exchange.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

Southwest

Southwest has no publicly held parent company and there are no publicly held companies that hold a ten percent (10%) or more ownership interest in Southwest.

**11. Dates**

A. Completion of Discovery: March 26, 2018

B. Dispositive Motion Filing Deadline: April 24, 2018

C. Final Pretrial Conference: June 25, 2018

D. Trial Date: July 24, 2018

**12. Jury Trial and Estimate of Time for Trial**

Plaintiff, Experian and Equifax request a jury trial and estimate 3 days for the length of trial. Southwest has not yet demanded a trial by jury, but reserves the right to do so.

**13. Settlement**

Plaintiff has engaged in settlement discussions with Equifax . Plaintiff and Southwest have reached an agreement on all material terms required to settle all of Plaintiff's claims against Southwest pending in this action.. Plaintiff and Experian have reach an agreement on all material terms required to settle all of Plaintiff's claims against Experian pending in this action.

**14. Use of Manual on Complex Litigation**

The Parties do not believe this case requires the use of the Manual on Complex Litigation.

**15. Dispositive or Partially Dispositive Motions**

If the case does not settle, Defendants anticipate filing motions for summary judgment.

**16. Unusual Legal Issues**

The parties are not aware of any unusual legal issues at this time.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650


**17. Severance, Bifurcation, or Other Ordering of Proof**

The parties do not believe severance, bifurcation, or other ordering of proof is necessary at this time.

Dated: August 7, 2017

### Signature Attestation

I Thomas P. Quinn, Jr. attest that all other signatories listed, and on whose behalf the filing of this joint report is submitted, concur in the content of this joint report and have authorized its filing.

August 7, 2017                     /s/ Thomas P. Quinn, Jr.
                                   THOMAS P. QUINN, JR.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

- 7 –
JOINT REPORT OF THE RULE 26(f) MEETING

| | | |
|---|---|---|
| 1 | | |
| 2 | */s/  Thomas P. Quinn, Jr.* | |
| 3 | Thomas P Quinn , Jr | |
| 4 | Nokes and Quinn APC | |
|   | 410 Broadway | |
| 5 | Suite 200 | |
| 6 | Laguna Beach, CA 92651 | |
| 7 | **Counsel for Defendant Equifax** **Information Services, LLC** | |
| 8 | | |
| 9 | /s/ Lisa M. Poladian-Melzer | /s/Brett Brandon Goodman |
|   | Lisa M. Poladian-Melzer | Behzad Ben Mohandesi |
| 10 | Jones Day | Brett Brandon Goodman |
| 11 | 3163 Michelson Drive | Yu Mohandesi LLP |
|   | Suite 800 | 633 West Fifth Street |
| 12 | Irvine, CA 92612 | Suite 2800 |
| 13 | **Counsel for Defendant Experian** | Los Angeles, CA 90071 |
|   | **Information Solutions, Inc.** | **Counsel for Defendant Southwest** |
| 14 | | **Credit Systems, LP** |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

- 8 –
JOINT REPORT OF THE RULE 26(f) MEETING

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

NAI-1502918569v1
1502896102_1_Joint Report of the Rule 26(f) Meeting .Final
JP023808
026123 - 020650

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **August 7, 2017**, I served a true copy of **JOINT REPORT OF THE RULE 26(f) MEETING**;

[ ] By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B);

[ X ] By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Devada Burns
06321-090
Federal Correctional Institution
PO Box 1000
Otisville, NY 10963-1000
*Plaintiff Pro Se*

[ X ] By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing: Laguna Beach, California.

Executed on **August 7, 2017,** at Laguna Beach, California.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

- 1 –

CERTIFICATE OF SERVICE

# SERVICE LIST

Devada Burns
06321-090
Federal Correctional Institution
PO Box 1000
Otisville, NY 10963-1000
*Plaintiff Pro Se*

Lisa M Poladian-Melzer
Ikedi Obiora Onyemaobim
Jones Day
3163 Michelson Drive Suite 800
Irvine, CA 92612
949-851-3939
Fax: 949- 553-7539
Email: ionyemaobim@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

Behzad Ben Mohandesi
Brett Brandon Goodman
Jordan S Yu
Yu Mohandesi LLP
633 West Fifth Street Suite 2800
Los Angeles, CA 90071
213-377-5505
Fax: 213-377-5501
Email: bmohandesi@yumollp.com
Email: bgoodman@yumollp.com
Email: jyu@yumollp.com
*Attorneys for Defendant Southwest Credit Systems, LP*